# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **VADIM A. MEDISH, et al.** * | |
| * | |
| **Plaintiffs,** * | |
| * | |
| v. * | |
| * | **CIVIL NO. JKB-17-1448** |
| **THE JOHNS HOPKINS HEALTH** | |
| **SYSTEM CORPORATION, et al.** * | |
| * | |
| **Defendants.** * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiffs Vadim A. Medish, Mark C. Medish and Sue Edwards brought this suit against Defendants Johns Hopkins Health System Corporation, Johns Hopkins Hospital, and Subash Chandra, M.D., in the Circuit Court for the City of Baltimore on May 23, 2017. (Compl., ECF No. 2.) Defendant Dr. Chandra removed the case to this Court two days later, on the basis of diversity of citizenship (Notice of Filing Removal, ECF No. 3), and he was voluntarily dismissed by Plaintiffs on June 26, 2017. Before the Court is Plaintiffs' Motion to Remand (ECF No. 5) and Defendants Motion for Leave to File a Surreply (ECF No. 16). No hearing is necessary to resolve the matter. *See* Local Rule 105.6. For the reasons set forth in this Memorandum, by accompanying order, Defendants' Motion for Leave to File a Surreply will be GRANTED and Plaintiffs' Motion to Remand will be GRANTED.

## I. *Procedural Background*[1]

Plaintiff Vadim Medish suffered a series of medical problems over the course of several months in early 2013, including a cardiac arrest that resulted in "debilitating brain damage." (Compl. ¶¶ 20-48, ECF No. 2.) For roughly three months Vadim Medish was treated at Johns Hopkins Hospital in Baltimore, Maryland. (*See* Compl. ¶¶ 22, 48.) Nearly four years later, on May 23, 2017, Vadim Medish and his parents brought suit against the Johns Hopkins Health System Corporation and the Johns Hopkins Hospital (collectively "JHH Defendants), and one of Vadim Medish's treating physicians, Dr. Subash Chandra, alleging Medical Negligence. (Compl. ¶¶ 7-19, 49; Mem. Mot. Remand 2, ECF No. 5-1.) Two days later, on the same day that the Clerk of the Baltimore City Circuit Court issued Plaintiffs' summonses, and therefore before the Plaintiff had any reasonable opportunity to serve any Defendant, Defendant Dr. Chandra removed the case to this federal court. (Mem. Mot. Remand 2; Notice of Removal, ECF No. 3.). For the purpose of determining diversity jurisdiction, the citizenship of the parties at the time of removal was as follows: Plaintiffs were citizens of the District of Columbia, JHH Defendants were citizens of Maryland, and Dr. Chandra was a citizen of both India and Iowa. (Compl. ¶¶ 7-9, 11; Aff. of Def. Subash Chandra, M.D., ECF No. 8-1.) In other words, out-of-state Plaintiffs sued both in-state Defendants and an out-of-state Defendant. Prior to any party being served, the out-of-state Defendant removed.

On June 2, 2017, eight days after Defendant Dr. Chandra removed, Plaintiffs filed a motion to remand (ECF No. 5), contending that the "forum defendant" rule prohibited Dr.

---

[1] On a motion to remand, "federal courts consider the facts disclosed on the record as a whole." *Capitol Cake Co. v. Lloyd's Underwriters*, 453 F. Supp. 1156, 1160 n.5 (D. Md. 1978) (citing Charles Alan Wright & Arthur R. Miller, 14C Fed. Prac. & Proc. Juris §3734 (1976); *see also* Charles Alan Wright & Arthur R. Miller, 14C Fed. Prac. & Proc. Juris §3734 (4th ed.) ("[I]n practice, the federal courts usually do not limit their inquiry to the face of the plaintiff's complaint, but rather consider the facts disclosed in the record of the case as a whole, in determining the propriety of removal.").

Chandra from removing the case. (*See* Mem. Mot. Remand 3.) Defendant Dr. Chandra filed a response in opposition to that motion on June 13 (ECF No. 8), and roughly two weeks later the Plaintiffs voluntarily dismissed Defendant Dr. Chandra (ECF No. 11), leaving only forum defendants in the case. A few days later, on June 27, JHH Defendants first made their voices heard by filing a response in opposition to the Plaintiffs' motion to remand (ECF No. 13), in which they simply adopted Dr. Chandra's argument. Plaintiffs replied that same day, reiterating that the forum defendant rule barred Dr. Chandra's removal of the case, but also raising for the first time the argument that remand was proper because Dr. Chandra had been dismissed as a party, thus leaving the JHH Defendants, all citizens of the forum state, as the sole Defendants in the case. (Rep. Mot. Remand, ECF No. 14.) Before the Court are Plaintiffs' Motion to Remand (ECF No. 5) and Defendants' Motion for Leave to File a Surreply (ECF No. 16).

## II. *Legal Standard*

An action brought in a state court may be removed only if the district court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994). Federal courts "must strictly construe removal jurisdiction," because it "raises significant federalism concerns." *Id.* Congress has the "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

### III. *Analysis*

#### a. *Motion for Leave to File Surreply*

"Surreplies are highly disfavored in this District," and may only be filed with the Court's permission. *Roach v. Navient Solutions, Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015) (citing Local Rule 105.2(a)). Surreplies, however, "may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003).

Contrary to the Plaintiffs' contention that they "merely responded to Defendants' joint opposition" in their reply (Pls. Opp'n to Def.'s Mot. for Leave to File Surreply 4, ECF No. 17), Plaintiffs in fact raised, for the first time, the argument that this case should be remanded because only forum defendants remain. (*See* Reply Pls. Mot. Remand 2.) Therefore, because Defendants have not had an opportunity to address this argument, the Court will GRANT Defendants' Motion for Leave to File a Surreply. The Defendants attached their proposed surreply to their motion (ECF No. 16-1), and the Court has read it in full and considered the arguments contained therein. The Clerk will be directed to docket the surreply.

#### b. *Motion to Remand*

Plaintiffs make two primary arguments in support of their motion to remand. Plaintiffs contend that the case should be remanded to state court because the only remaining Defendants are citizens of Maryland, the forum state. Plaintiffs also contend that removal was initially improper because removal in a case involving any forum state defendants violates the forum defendant rule. The Court will address each argument in turn.

### i. *Dismissal of Defendant Dr. Chandra*

Plaintiffs contend that remand should be granted because the only remaining Defendants in this case are citizens of Maryland. Plaintiffs' argument rests on "the policy goals underpinning the American civil justice system." (Reply Pls. Mot. Remand 3.) More specifically, the policy goal that "defendants should be answerable for torts" in their home states. (*Id.*) As a general proposition, the Plaintiffs are correct: defendants are generally not allowed to escape jurisdiction in their home states by availing themselves of federal diversity jurisdiction. *See* Part b.ii, *infra* (discussing the forum defendant rule). Plaintiffs here, however, fail to address the specific posture of this case.

Jurisdiction "depends upon the state of things at the time . . . the action [is] brought." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)). At the time this action was removed to federal court the Court had jurisdiction. The requirements of the federal diversity statute were indisputably met. Plaintiffs and Defendants were "citizens of different states" and the "matter in controversy exceed[ed] the sum or value of $75,000." 28 U.S.C. § 1332(a). In regard to jurisdiction, nothing has changed to this moment, even with the dismissal of Dr. Chandra. The remaining parties are *still* "citizens of different states," and the "matter in controversy [*still*] exceeds the sum or value of $75,000." The Plaintiffs fail to cite any authority standing for the proposition that once a federal court has subject matter jurisdiction, that court nonetheless must remand a case to state court, <u>for want of jurisdiction</u>, if at any subsequent time all of the remaining defendants are citizens of the forum state. As far as the Court can determine, there is none. Accordingly, the Court has jurisdiction. *See Devore v. Transport Technology Corp.*, 914 F. Supp. 355, 357 (W.D.

Mo. 1996) ("Nor should there be any argument that [the forum defendant rule] works retroactively after removal.").

What Plaintiffs are in fact challenging in their motion to remand is not the current jurisdiction of the Court, but rather the propriety of this case's removal. That this is the gravamen of Plaintiffs' argument is clear from the authority they cite in their reply. The two cases that Plaintiffs cite for the proposition that the Court should remand the case *now*, because only forum defendants remain, each concerns only the question of whether forum defendants can *remove* the case. (*See* Reply Mot. Remand 2-3 (citing *Reimold v. Gokaslan*, 110 F. Supp. 3d 641 (D. Md. 2015); *Philips Construction, LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544 (S.D.W.Va. 2015).)

The Court has jurisdiction now because removal in compliance with the forum defendant rule is a procedural hurdle and not a jurisdictional bar. Neither the Supreme Court nor the Fourth Circuit has provided guidance on this distinction, but the clear majority of circuits that have addressed the issue has found that "removal by a forum defendant is a procedural defect." *Almutairi v. Johns Hopkins Health System Corporation*, Civ. No. ELH-15-2864, 2016 WL 97835 at *5 (D. Md. Jan. 8, 2016) (quoting *Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 378 (N.D.W.Va. 2011) (citing cases)). Legislative history suggests that this was Congress's understanding. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).[2] Furthermore, treating the forum defendant rule as procedural is in line with its purpose. *See id.* at 940. Plaintiffs are generally able to choose their preferred forum, and the forum

---

[2] Prior to 1996, under the removal statute parties could not move to remand a case more than thirty days after the filing of a notice of removal if remand was based on a "defect in removal procedure." *Lively*, 456 F.3d at 939 (quoting Judicial Improvements and Access to Justice Act of 1988, Pub. L. No. 100-702, §1016(c)(1). In 1996, Congress clarified that parties could not move to remand after thirty days "on the basis of *any defect other than lack of subject matter jurisdiction.*" *Id.* (quoting Pub. L. No. 104-219, §1) (alteration in the original). This change suggests that "Congress sought to ensure that even the 'more substantive' removal defects, such as [forum defendant rule violations] were subject to the 30-day time limit," and, by inference, not a defect in subject matter jurisdiction. *Id.* (citing *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1257-58 (11th Cir. 1999).

6

defendant rule serves to prevent an in-state defendant, who does not face regional discrimination from their state courts, from stymieing a plaintiff's choice of a state court forum. As a procedural bar, the forum defendant rule is waivable, which leaves the choice of forum in the out-of-state plaintiff's hands. If a plaintiff wishes that the suit remain in state court he can move to remand within thirty days. *See* 28 U.S.C. § 1447(c) (motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal"). If a plaintiff is content to proceed in federal court, he simply chooses not to oppose the removal.

The forum defendant rule is procedural and not jurisdictional, and thus the presence of solely forum defendants in this case does not defeat jurisdiction. Jurisdiction was proper when the case was filed in federal court and it remains so. Still, violation of the forum defendant rule may be grounds for remand if the plaintiff has not waived his objection. Well within the thirty days required by the statute, Plaintiffs challenged procedural removal defects, and thus the Court turns to a consideration of whether the case should be remanded on the ground that then Defendant Dr. Chandra improperly removed the case in violation of the forum defendant rule.

### ii. *The forum defendant rule and pre-service removal*

The forum defendant rule is a logical addendum to the diversity jurisdiction statute given the purpose of diversity jurisdiction. The basic purpose of diversity jurisdiction is to "give a citizen of [a foreign] state access to an unbiased court to protect him from parochialism." *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968). When the defendant is a citizen of the state in which the action is brought, i.e. a forum defendant, "there is no need to protect [them] from local prejudice." *Reimold*, 110 F. Supp. 3d at 642. The forum defendant rule therefore aims to prevent a forum defendant from removing a case to federal court. *See id.* at 642-43.

7

The statutory language somewhat complicates this picture of the forum defendant rule. The relevant part of the statute states, in full:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought.

28. U.S.C. § 1441(b)(2) (emphasis added). Defendants contend that because none of the parties were "properly . . . served" at the time Defendant Dr. Chandra removed, the forum defendant rule, by its plain language, does not apply here.

The purpose of the "properly joined and served" language is to prevent gamesmanship by Plaintiffs. *See Reimold*, 110 F. Supp. 3d at 643. The language is designed "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve." *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (quoting *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 644 (D.N.J. 2008)) (alteration in the original).

Here, there is nothing to indicate that the Plaintiffs were engaged in such gamesmanship. First, the JHH Defendants -- the forum defendants -- were not inconsequential parties that Plaintiffs joined simply to defeat removal. The complaint makes clear that the Plaintiffs see the JHH Defendants as major players in this matter. Further, if the Plaintiffs included the JHH Defendants only to ensure that Dr. Chandra would be required to litigate in state court then they presumably would not have voluntarily dismissed Dr. Chandra, only to continue litigation and seek to remand this case to state court, with the JHH Defendants as the *sole* defendants. Second, there is no evidence that Plaintiffs sat on their hands when it came to serving any party. In several other cases dealing with the question of pre-service removal, much time had elapsed, during which service reasonably could have occurred, before defendants removed. *See, e.g.*,

8

*Caillouet v. Annapolis Yacht Company, LLC*, Civ. No. ELH-16-1698, 2016 WL 8737484 at *1 (D. Md. Aug. 5, 2016) (defendant filed pre-service notice of removal forty-two days after Plaintiff filed their complaint in state court); *Robertson v. Iuliano*, Civ. No. RDB-10-1319, 2011 WL 453618 at *1 (D. Md. Feb. 4, 2011) (defendant filed pre-service notice of removal fifty-two days after Plaintiff had filed their complaint in state court). Here, Defendant Dr. Chandra removed the case just two days after the lawsuit was filed and on the very day that the state court issued the Plaintiffs' summonses. Plaintiffs probably could not have served either party prior to the case being removed. *See Reimold*, 110 F. Supp. 3d 642-43 (holding that pre-service removal was improper when forum defendant removed case four days prior to the plaintiff receiving their summonses).[3]

Plaintiffs' inability to serve either Dr. Chandra or the JHH Defendants prior to removal is, in fact, at the crux of this case, because it is demonstrative of the gamesmanship that matters here – Defendant Dr. Chandra's gamesmanship. And the question that is posed is whether the JHH defendants should benefit from the former codefendant's gamesmanship.

There is no doubt that if Plaintiffs had received their summonses and served the forum Defendants, the case could not thereafter have been removed under Section 1441(b)(2). But because Defendant Dr. Chandra filed a notice of removal so quickly, before Plaintiffs had a reasonable chance to serve process, the JHH Defendants implicitly suggest that they should be permitted to take advantage of a loophole in the forum defendant rule and thereby avoid their own state's forum. Such a result, if not remedied would incentivize "docket trolling," *see Caillouet*, 2016 WL 8737484 at *7, would cut against the proposition that plaintiffs are generally

---

[3] There appears to be some further delay in service in this case. It appears that the JHH Defendants have still not been served. However, given that Defendant Dr. Chandra removed the case before Plaintiffs had any reasonable opportunity to serve process on any party, Plaintiffs may reasonably be waiting to settle the question of proper jurisdiction and forum before serving process. Presumably, the only summonses they hold are those issued by the state court, a court currently lacking jurisdiction in the matter.

permitted to choose their preferred forum, and would start to move these proceedings into the zone of "absurdity." *See Oxendine v. Merck. & Co.*, 236 F. Supp. 2d 517, 526 (D. Md. 2002) ("[R]emovability can not [sic] rationally turn on the timing or sequence of service of process.").[4]

Admittedly, the judges of this Court do not speak with one voice on this difficult question relating to pre-service removal. *Compare Caillouet*, 2016 WL 8737484 (granting remand when forum defendant was joined and case was removed prior to service); *Reimold*, 110 F. Supp. 3d 641 (same); *Oxendine v. Merck and Co., Inc.*, 236 F. Supp. 2d 517 (2002) (same) *with Al-Ameri v. The Johns Hopkins Hospital*, Civ. No. GLR-15-1163 (D. Md. June 24, 2015) (ECF No. 23) (denying remand when forum defendant was joined and case was removed prior to service); *Robertson*, 2011 WL 453618 (same); *Clawson v. FedEx Ground Package System, Inc.*, 451 F. Supp. 2d 731 (2006) (stating that a non-resident defendant can remove even if a resident defendant is joined, so long as the non-resident defendant removes prior to service). The undersigned today sides with those decisions reading Section 1441(b)(2) more functionally and it does so for essentially the same reasons Judge Hollander identified in *Caillouet v. Annapolis Yacht Company*: this provision was designed to prevent gamesmanship, and a contrary reading would incentivize it. *See* 2016 WL 8737484 at *6-7 (discussing *Goodwin*, 757 F.3d 1216). Furthermore, because Plaintiff could not, practically speaking, have served any Defendant prior to removal, finding for the Defendants in this case would mean that, so long as defendants stay on top of the docket, the forum defendant rule would have no effect in practice. Out-of-state

---

[4] Defendants argue that the Court must retain jurisdiction or else violate the Fourth Circuit's "plain meaning rule" which holds that courts must follow the plain meaning of a statute unless the result is absurd or contrary to clear legislative intent. (*See* Def. Dr. Chandra's Opp'n to Pls.' Mot. Remand 7-8, ECF No. 8, adopted by Def. JHH Opp'n to Pls.' Mot. to Remand ¶ 3, ECF No. 13, (citing *Hillman v. IRS*, 263 F.3d 338, 342 (4th Cir. 2001)).) The Court does take the plain statutory language seriously, *see Hawkins v. Kilberg*, 165 F. Supp. 3d 386, 390 (D. Md. 2016), but finds that a literal reading here would cause a result that both tends toward absurdity and conflicts with what Congress intended by their inclusion of the "properly joined and served" language in the forum defendant provision. Accordingly, on these extreme facts, a deviation from the most literal meaning of the statute is appropriate.

plaintiffs could effectively be precluded from suing defendants in the defendants' home state courts. The propriety of retaining a case in federal court jurisdiction cannot hinge on something as irrelevant to the purpose of the forum defendant rule as winning a race. *See Sullivan v. Novartis Pharmaceuticals Corp.*, 575 F. Supp. 2d 640, 646 (D.N.J. 2008).

To the extent that this case is distinguishable from other cases that have held to the contrary, it is so in that the gamesmanship of the removing defendant in the instant matter left the plaintiff powerless to keep the matter in state court. In *Robertson v. Iuliano*, the Court was presented with a set of facts very similar to those at bar. An out-of-state defendant physician removed a case prior to being served even though an in-state defendant hospital had been joined (but also not served). *Robertson*, 2011 WL 453618 at *1. The out-of-state defendant physician, however, filed a notice of removal *fifty-two days* after Plaintiff filed his action in state court. *Id.* Here, only *two days* passed before the out-of-state Defendant removed, the exact amount of time it took the state court to issue summonses. Defendants note that this case is more like *Robertson* than *Reimold*, another case in this District that held against pre-service removal, because, unlike in *Reimold*, the Defendants at the time of pre-service removal were not all citizens of Maryland. But "this is a distinction without a difference. . . . There is no indication that plaintiff . . . added a resident defendant for the sole purpose of frustrating removal." *Caillouet*, 2016 WL 8737484 at *5 (responding to the same argument).

Finally, two more points are instructive: Congress's desire that courts lean in favor of retained state court jurisdiction, and the stringent standard of review for motions to remand set down in the Fourth Circuit. *See Mulcahey,* 29 F.3d at 151; *Marshall*, 6 F.3d at 232. The Court strictly construes the removal statutes in favor of state court jurisdiction, and "[s]ince the removal statutes are strictly construed, the better view would seem to be that local defendants

11

should not be able to avoid the statutory bar against such removal in diversity actions by volunteering an appearance before formal service." James M. Wagstaffe, Federal Civil Procedure Before Trial Ch. 2D, § 2:2322.4 (Nat'l Ed. 2017).[5]

In sum, the purpose of the forum defendant rule is to prevent forum defendants from avoiding the jurisdiction of their own state courts, and the purpose of the "properly joined and served" language in Section 1441(b)(2) is to prevent gamesmanship. The Court's holding today, in which it affirmatively pulls back from a strict, plain reading of the relevant provision, properly accomplishes both of these purposes.

**IV.** *Conclusion*

Plaintiffs presented new arguments in their Reply in Support of their Motion to Remand and therefore Defendants' Motion for Leave to File a Surreply will be granted. This case was removed in violation of the procedural removal requirement of 28 U.S.C. § 1441(b)(2) and the case should be remanded. Therefore, Plaintiffs' Motion for Remand will be granted. A separate order granting these Motions will be entered.

DATED this 19th day of September, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge

---

[5] The Court appreciates that here the "local defendants", i.e. the JHH Defendants, did not, themselves, "avoid the statutory bar . . . by volunteering an appearance before formal service." But the local defendants *are* attempting to avoid state court jurisdiction on the premise that *a* defendant "volunteer[ed] an appearance before formal service." Ultimately, under the law, there is no difference. *See Caillouet*, 2016 WL 8737484 at *5.